NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PUREWICK CORPORATION,**
*Appellant*

**v.**

**SAGE PRODUCTS, LLC,**
*Appellee*

_____

2022-1697

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-01426.

_____

Decided:  April 6, 2023

_____

THOMAS SAUNDERS, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, argued for appellant.  Also represented by HEATHER M. PETRUZZI; OMAR KHAN, LAUREN MATLOCK-COLANGELO, New York, NY.

SANDRA A. FRANTZEN, McAndrews, Held & Malloy, Ltd., Chicago, IL, argued for appellee.  Also represented by CHRISTOPHER M. SCHARFF, ROBERT ANTHONY SURRETTE.

_____

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges*.

PER CURIAM.

Sage Products, LLC filed a petition in the Patent and Trademark Office requesting an inter partes review under 35 U.S.C. §§ 311–319 of claims 1, 3–8, and 17–19 of PureWick Corp.'s U.S Patent No. 8,287,508 on seven grounds. The Board instituted a review and ultimately determined that all challenged claims are unpatentable on two grounds: anticipation by a published patent application, Mahnensmith (U.S. Pub. No. 2006/0015080); and obviousness over the Kuntz-166 patent (U.S. Patent No. 4,747,166) in view of the DesMarais patent (U.S. Patent No. 4,425,130) and the knowledge of a person of ordinary skill in the art. *Sage Products, LLC v. PureWick Corp.*, IPR2020-01426, 2022 WL 494803 (P.T.A.B. Feb. 14, 2022). PureWick timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. §§ 141(c), 319.

We affirm the Board's ruling on anticipation. Regarding the claim limitation requiring "wrapping the [moisture-wicking] article over the array [of openings]" in a specified device, we see no claim-construction error. The Board also had substantial evidence before it to support its findings that Mahnensmith disclosed the claimed "wrapping . . . over" the openings and, more particularly, disclosed to a skilled artisan that the wrapping covered all openings. In light of our conclusion regarding anticipation, we need not and do not reach PureWick's challenges in this court to the Board's obviousness determination.

**AFFIRMED**